## No. 517.

### Angeline Rentz et als. v. Richard Cole.

The plaintiffs, as heirs of the deceased wife of the defendant, alleging that he failed to open her succession, or cause an inventory thereof, consisting of half of the community property, to be made, but has administered the same as *negotiorum gestor* and permitted it to be wasted and dilapidated, obtained an *ex parte* order directing him to file an account of his administration and a notary public to make an inventory of said succession.

There is no authority for calling on a *negotiorum gestor*, in this manner, to render an account to the court in a fiduciary capacity, as an administrator of a succession; nor is the surviving husband, holding under the law as usufructuary, to be called on thus for an account of an administration.

APPEAL from the Parish Court, parish of Winn. *Kelly, J. Jack & Pierson, S. M. Brian*, for plaintiffs and appellees. *Hough & Wear*, for defendant and appellant.

HOWELL, J. A motion is made to dismiss this appeal on the grounds that there is no order of appeal, and the certificate of the clerk is vague, indefinite and insufficient, and no return day is fixed.

The entry as to an order of appeal, as indeed the whole record, is irregular and very inartistic, and if we were to determine to act strictly in this respect, we would require the clerk to make out a new transcript without cost to the parties; but we think it sufficiently clear that an order of appeal was granted. The other grounds are not good in law for a dismissal, and we do not consider them of sufficient importance to require their correction. The motion is therefore refused.

The plaintiffs, as heirs of the deceased wife of the defendant, alleged

that he failed to open her succession, or cause an inventory thereof, consisting of half the community property, to be made, but has administered the same as *negotiorum gestor* and permitted it to waste and be dilapidated, obtained an *ex parte* order directing him to file an account of his administration and a notary public to make an inventory of said succession.

The defendant filed a motion to revoke said order and dismiss the suit on the grounds, substantially:

*First*—That plaintiffs do not show that he is administering in such capacity as to render an account.

*Second*—At the time the order was granted there was no proof before the judge on which to base it.

*Third*—Defendant is not sufficiently notified of the demand against him to enable him to make his defense.

This motion, which may be viewed as really an exception, was overruled, and proceedings were had to a judgment on oppositions to an account, from which the defendant has appealed.

We think the motion should have prevailed. There is no authority for calling on a *negotiorum gestor*, in this manner, to render an account to the court in a fiduciary capacity, as an administrator of a succession; nor is the surviving husband, holding under the law as usufructuary, to be called on thus for an account of an administration.

It is therefore ordered that the judgment appealed from be reversed, and that the action of plaintiffs be dismissed with costs in both courts.